# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LARRY PAUL WILLIAMS,<br><br>               Petitioner,<br><br>    v.<br><br>JEFFREY UTTECHT,<br><br>               Respondent. | Case No. C20-1482-BHS-MLP<br><br>ORDER ACCEPTING PETITIONER'S RESPONSE TO RESPONDENT'S ANSWER AND RE-NOTING PETITION |

This is a federal habeas action proceeding under 28 U.S.C. § 2254. Petitioner, through counsel, submitted his petition for writ of habeas corpus to the Court for filing in October 2020. (*See* Dkt. # 1.) After Petitioner corrected some defects in his original submission, the Court issued an Order directing service of the petition on Respondent and directing Respondent to file an answer. (*See* Dkt. ## 2-5.) Respondent filed a timely answer to the petition on February 11, 2021 and noted the answer on the Court's calendar for consideration on March 5, 2021 in accordance with the instructions set forth in the Court's service order. (Dkt. # 11.) Respondent argued in his answer that Petitioner's federal habeas petition is barred by the statute of limitations, 28 U.S.C. § 2244(d).

ORDER ACCEPTING PETITIONER'S
RESPONSE TO RESPONDENT'S ANSWER
AND RE-NOTING PETITION - 1

On March 22, 2021, exactly three weeks *after* his response to Respondent's answer was due, Petitioner filed a document which he identified as a response to Respondent's answer and an alternative motion for application of equitable tolling. (Dkt. # 13.) Petitioner noted this document on the Court's calendar for consideration on April 9, 2021. (*Id*.) Petitioner offered no explanation in his submission as to why his response was untimely nor did he request any extension of the filing deadline. Respondent filed a response to Petitioner's submission on April 5, 2021 in which he argued that Petitioner's response need not be considered because it was untimely. (Dkt. # 15.) Respondent also addressed the substance of the arguments set forth in Petitioner's submission pertaining to the timeliness of the petition and equitable tolling. (*See id*.) Petitioner filed a reply to Respondent's response on April 8, 2021 in which he apologized for the delay in filing his response but asserted Respondent cannot show any prejudice resulting from the delay. (Dkt. # 17 at 1 n.1.)

While the Court in no way condones counsel's egregious failure to adhere to the Court's deadlines, it does not appear Respondent will be prejudiced by the delay and the Court deems it important to provide Petitioner a full hearing on his arguments regarding timeliness and equitable tolling. The Court therefore accepts Petitioner's late-filed response. Because Respondent has addressed the substance of the arguments set forth therein, it appears that the briefing in this matter is now complete and this matter is ready to proceed to disposition.

Based on the foregoing, the Court ORDERS as follows:

(1)     The Court accepts for filing Petitioner's March 22, 2021 submission (dkt. # 13) but construes it solely as a response to Respondent's answer and not as a separate motion. The

ORDER ACCEPTING PETITIONER'S
RESPONSE TO RESPONDENT'S ANSWER
AND RE-NOTING PETITION - 2

Court will nonetheless address all arguments set forth therein including those pertaining to equitable tolling.

(2) Respondent's answer to Petitioner's habeas petition (dkt. # 11) is deemed ripe for consideration as of *April 9, 2021*, and the Clerk is directed to RE-NOTE the answer on the Court's calendar for that date.

(3) The Clerk shall send copies of this Order to all counsel of record, and to the Honorable Benjamin H. Settle.

DATED this 14th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER ACCEPTING PETITIONER'S
RESPONSE TO RESPONDENT'S ANSWER
AND RE-NOTING PETITION - 3